Wallace v. NH                    CV-01-221-M    01/30/02

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Leroy Wallace,
     Plaintiff

     v.                                    Civil No. 01-221-M
                                           Opinion No. 2002 DNH 033
Commissioner, New Hampshire
Department of Corrections,
     Defendant

**O R D E R**

Petitioner seeks habeas relief from his state court burglary conviction, on grounds that evidence presented against him was obtained in violation of his rights under the Fourth Amendment to the United States Constitution.  See 28 U.S.C. § 2254. Petitioner has exhausted available state remedies and the State moves to dismiss the petition.  Although for reasons different from those urged by the State, the petition for habeas relief is necessarily dismissed.

Petitioner seeks habeas relief on grounds that the state courts should have excluded some incriminating evidence from his criminal trial that he alleges was derived from an investigatory

stop carried out in violation of the Fourth Amendment. That unsuppressed evidence contributed to his conviction of burglary. But, "a federal habeas court ordinarily cannot revisit a state court's disposition of a prisoner's Fourth Amendment claims." Sanna v. Dipaolo, 265 F.3d 1, 8 (1st Cir. 2001). As the Supreme Court has held, "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional . . . seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 482 (1976).

There is an exception to the Stone rule. A petitioner may pursue Fourth Amendment exclusionary rule claims in a federal habeas proceeding if he was denied a full and fair opportunity to litigate those issues in the state courts. See Sanna, supra. Petitioner here cannot invoke that exception, however. His defense counsel filed a written pretrial motion to suppress the derivative evidence in the state court; a full evidentiary hearing was held; a written decision was issued by the trial court; a motion to reconsider denial of the motion was considered

2

and resolved; and petitioner's suppression issues were fully briefed and argued on appeal to the New Hampshire Supreme Court, which resolved those claims in a published opinion.[1] <u>State v. Wallace</u>, 772 A.2d 892 (N.H. 2001).

Moreover, the State having "made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment violations . . . a federal habeas court lacks the authority, under <u>Stone</u>, to second-guess the accuracy of the state court's resolution of those claims." <u>Sanna</u>, 265 F.3d at 9 (citing <u>Carver v. Alabama</u>, 577 F.2d 1188, 1192 (5th Cir. 1978). Accordingly, petitioner's basic assertion – that the state courts erred in denying his suppression motion –  "cannot be treated as a denial of the opportunity fully and fairly to litigate a Fourth Amendment claim (and, thus, cannot open the door to federal habeas review)." <u>Sanna</u>, 265 F.3d at 9 (citations omitted).

The petition for writ of habeas corpus in necessarily dismissed under the <u>Stone</u> bar.

---

[1]     <u>See</u> Exhibit A (transcript of suppression hearing); Exhibit B, Appendix E (decision denying motion to suppress); and Exhibit B, Appendix H (motion to reconsider suppression ruling denied), all of which are attached to the petition.

**SO ORDERED**

                                     _____
Steven J. McAuliffe
United States District Judge

January 30, 2002

cc:   Leroy Wallace
      Nicholas P. Cort, Esq.